IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CURTIS P.,**[1]

                              Plaintiff,                 Civ. No. 2:20-cv-00246-JR

       v.                                                **OPINION AND ORDER**

**ANDREW SAUL**, Acting
Commissioner of Social Security

                              Defendant.

_____

**RUSSO, Magistrate Judge:**

      Plaintiff Curtis P. ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act ("the Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons articulated below, the Commissioner's final decision is reversed and remanded for further proceedings consistent with this opinion.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

## BACKGROUND

Born in 1970, Plaintiff was 41 years old on his alleged disability onset date. Tr. 241. He has a college education. Plaintiff alleges disability due to obesity, left ankle trimalleolar fracture, degenerative disc disease of the lumbar spine, hypertension, and gastroesophageal reflux disease (GERD). Tr. 26.

Plaintiff filed for DIB and SSI on August 17, 2017, alleging disability as of August 18, 2011. Tr. 241-48. His claims were denied initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge (ALJ). Tr. 168-82. On August 22, 2019, Plaintiff appeared and testified before ALJ Jesse Shumway. On September 4, 2019, ALJ Shumway issued a decision finding Plaintiff not disabled. Tr. 19-40. The Appeals Council denied Plaintiff's subsequent request for review. Tr. 1-6. This appeal followed.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. Davis v. Heckler, 868 F.2d 323, 326 (9th Cir. 1989).

**DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.920(a)(4), 416.1520(a)(4). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. Id.; Bustamante v. Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.920(a)(4)(v), 416.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. Id. If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. Id.; see also Bustamante, 262 F.3d at 953–54.

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff had not performed substantial gainful activity since his alleged onset date of August 18, 2011. Tr. 26. At step two, the ALJ found that Plaintiff had the severe impairments of obesity, left ankle trimalleolar fracture, degenerative disc disease of the lumbar spine, hypertension, and GERD. Tr. 26.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled any listings in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 29. The ALJ next assessed Plaintiff's RFC and determined that he retained the capacity to perform sedentary work with the following limitations:

> He can lift and carry 10 pounds frequently and occasionally. He can stand and walk for two of eight workday hours and sit for six of eight workday hours. He cannot climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, crawl, and operate foot controls. He must avoid concentrated exposure to heights and hazards.

Tr. 29.

At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 32. The ALJ then determined, based on the testimony of a Vocational Expert (VE), that there were jobs in the national economy that Plaintiff could perform, including table worker, inspector of small products, and polisher. Tr. 32. The ALJ therefore concluded that Plaintiff was not under a disability from August 18, 2011 through the date of the decision. Tr. 33.

Plaintiff contends the Commissioner erred by (I) improperly invoking the Chavez v. Bowen presumption under AR 97-4(9); (II) improperly evaluating the medical evidence; (III) rejecting Plaintiff's subjective symptom testimony; (IV) making improper findings at step five; and (V) denying his request for review.

**I.     Chavez Presumption**

Plaintiff first argues that the ALJ improperly invoked the presumption, articulated in Chavez v. Bowen, that a prior final decision of the Commissioner finding a claimant not disabled creates a presumption of continuing non-disability that can be rebutted if the claimant proves changed circumstances. 844 F.2d 691, 693 (9th Cir. 1988). In the Ninth Circuit, even if the non-disability presumption is rebutted, certain findings in the prior final decision must be adopted unless there is new and material evidence relating to those findings or a relevant change in law or methodology. Id. at 694.

Here, a prior ALJ decision rendered August 17, 2011 found that Plaintiff was not disabled. Tr. 66-82. After considering the medical record and other evidence submitted by Plaintiff in the instant claims the ALJ adopted the RFC assessed in the prior decision. Tr. 29. The ALJ explained that the additional evidence did not show that Plaintiff's impairments warranted a different residual functional capacity assessment than found in the prior decision. Tr. 29.

Plaintiff contests this finding, arguing that additional evidence added to the record warrant a revised RFC formulation. As discussed, below, however, the ALJ properly weighed the new evidence and his RFC finding was based upon substantial evidence.

## II. Medical Opinion Evidence

Plaintiff next argues that the ALJ improperly rejected the opinions treating physician Bruce Carlson, M.D., and testifying medical expert Howard Shapiro, M.D. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

**1. Treating Physician Bruce Carlson, M.D.**

Dr. Carlson was Plaintiff's treating physician for six years. Tr. 1295-98. In a third-party medical report, Dr. Carlson noted that Plaintiff suffers from symptoms of back pain and left ankle pain, resulting in limited standing and walking. Dr. Carlson opined that Plaintiff would need to elevate his legs two or three times per day, lie down two or three times per day, and miss at least 16 hours of work per month.

The ALJ rejected Dr. Carlson's opinion. Tr. 31. The ALJ reasoned that Dr. Carlson's opinion were conclusive and without justification in the record. The ALJ may reject an opinion that is brief, conclusory, and inadequately supported by clinical findings. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Here, Dr. Carlson declined to explain his opinion in the space provided on the third-party medical report. Tr. 1297. Moreover, medical imagining elsewhere in the record revealed that Plaintiff suffered from only mild to moderate limitations, thus conflicting with Dr. Carlson's assessment of more extreme limitations. Tr. 400, 413-14, 429. While Plaintiff argues that Dr. Carlson's opinion was supported by evidence of edema, numerous treatment notes show that Plaintiff's edema was improving or nonexistent. Tr. 423, 464, 468, 470, 490, 494, 760, 803-04, 820, 1147. On this record, the ALJ reasonably inferred that Dr. Carlson's opinion was conclusive and inadequately supported by the record. The ALJ's rejection of Dr. Carlson's extreme limitations was supported by substantial evidence. Thomas, 278 F.3d at 957.

**2. Testifying Medical Expert Howard Shapiro, M.D.**

Medical expert Dr. Shapiro testified at the administrative hearing on Plaintiff's claims on August 22, 2019. He opined that Plaintiff's impairments meet or equal Listing 1.02A, and that he would miss no more than three days of work in a month. Tr. 46-53. The ALJ rejected Dr. Shapiro's testimony because it conflicted with record evidence and lacked support in the medical record. Tr.

31. Supportability and consistency are the "most important factors" to consider when evaluating a medical opinion. 20 C.F.R. §§ 404.1520(c)(b)(2), 416.920(c)(b)(2). Inconsistency with the medical record is a legally sufficient reason to reject a medical opinion. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, in contradiction with his testimony that Plaintiff's impairments meet or equal Listing 1.02A, Dr. Shapiro testified that Plaintiff could perform light-level work with environmental and postural limitations. Tr. 46-52. Dr. Shapiro's internally inconsistent testimony was also unsupported by record evidence. For example, while Listing 1.02A requires evidence of an inability to ambulate effectively, Dr. Shapiro testified that Plaintiff was able to walk on ramps and stairs, on uneven ground, and walk for half an hour at a time. Tr. 47, 51. On this record, the ALJ provided a legally sufficient reason for rejecting Dr. Shapiro's self-contradictory and unsupported testimony. Bayliss, 427 F.3d at 1218.

### III. Subjective Symptom Testimony

Plaintiff next argues that the ALJ improperly rejected his subjective symptom testimony. At the administrative hearing, Plaintiff testified that he was entirely incapable of working due to his symptoms and limitations associated with back and ankle pain.

The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014). Here, the ALJ rejected Plaintiff's testimony to the extent it conflicted with the second RFC and provided a legally sufficient reason for doing so. Tr. 30. Here, the ALJ noted that Plaintiff was not compliant with treatment recommendations, and that a series of hospitalizations related to chest pain coincided with periods of treatment noncompliance and alcohol abuse. Tr. 30. A claimant's amount of treatment is an important indicator of the intensity and persistence of the claimant's symptoms, and evidence of conservative treatment is "sufficient to discount a claimant's testimony regarding

the severity of an impairment." Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007); 20 C.F.R. § 404.1529(c)(3). The ALJ may reject a claimant's testimony for inadequately explained failure to seek treatment or to follow a prescribed course of treatment. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, both Plaintiff and multiple treatment providers observed that Plaintiff did not follow treatment recommendations, including checking his blood sugar as needed, stopping smoking and drinking alcohol, and changing his diet. Tr. 88, 100, 471, 978-79, 1070. Plaintiff also declined a referral to a neurosurgeon for back pain and failed to schedule treatment for shoulder surgery. Tr. 30, 56. Further, despite complaints of ankle pain, Plaintiff sought only basic treatment, and medical imaging suggested only mild to moderate impairment. Tr. 30, 400, 413-14, 429.

On this record, it was reasonable for the ALJ to infer that Plaintiff's limitations were not as severe as alleged, "as one would expect strict compliance with medical directives given the alleged severity of symptoms." Tr. 30. Tommasetti, 533 F.3d at 1039; Parra, 481 F.3d at 750-51. The ALJ's rejection of Plaintiff's subjective symptom testimony based on conservative treatment and failure to follow treatment recommendations was supported by substantial evidence. 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3).

**IV.     Step Five Findings**

At step five, the ALJ adopted VE testimony from a 2011 hearing on Plaintiff's previous claims. Tr. 77. That testimony was based upon a hypothetical that used the same RFC that the ALJ formulated at step three in the decision under review. The VE testified that a claimant with Plaintiff's RFC could perform jobs that exist in significant numbers in the national economy. To the extent that Plaintiff argues that the VE hypothetical was flawed, he reiterates his arguments regarding the ALJ's evaluation of the medical record and claimant testimony.

Plaintiff also argues that the ALJ erred by not calling a VE in the most recent administrative hearing, and that the jobs identified by the VE no longer exist in significant numbers in the national economy. A qualified VE's testimony is ordinarily sufficient by itself to support an ALJ's step-five finding. Ford v. Saul, 950 F.3d 1141, 1159 (9th Cir. 2020). A qualified VE testified the prior administrative hearing that a claimant with Plaintiff's RFC could perform jobs that exist in significant numbers in the national economy. However, because the VE's testimony was based upon his expertise with respect to available jobs in the national economy in 2011, and the ALJ's non-disability determination was rendered in 2019, it is unclear whether the testimony is sufficient to support the ALJ's step-five finding. See English v. Shalala, 10 F.3d 1080, 1084-86 (4th Cir. 1993). On this record, remand is appropriate for the purpose of ascertaining whether Plaintiff can perform jobs that presently exist in significant numbers in the national economy. Garrison v. Colvin, 759 F.3d 995, 1022 (9th Cir. 2014).

**V.      Appeals Council**

Plaintiff next argues that the Appeals Council erroneously rejected his request for review. The Appeals Council's denial of a request for review, however, is not a final decision; rather, this action renders the ALJ's written decision the final decision of the Commissioner. Sims v. Apfel, 530 U.S. 103, 107 (2000). This court therefore lacks jurisdiction to review the Appeals Council's denial of Plaintiff's request for review. However, remand for further proceedings is appropriate because outstanding issues remain which must be addressed before a finding of disability can be made. Garrison, 759 F.3d at 1022.

## **CONCLUSION**

For the reasons stated above, the Commissioner's final decision is REVERSED and REMANDED for further proceedings under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 1st day of June, 2021.

/s/ Jolie A. Russo
Jolie Russo
United States Magistrate Judge
